# NO. 12-08-00457-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *RONALD RAY KENNEDY-BROOKS,* *APPELLANT* | § | *APPEAL FROM THE SEVENTH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Appellant pleaded guilty to burglary of a habitation and was placed on community supervision. His community supervision was revoked on October 3, 2008, and sentence was imposed on that date.

Texas Rule of Appellate Procedure 26.2 provides that an appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court unless a motion for new trial is timely filed. TEX. R. APP. P. 26.2(a)(1). Where a timely motion for new trial has been filed, notice of appeal shall be filed within ninety days after the sentence is imposed or suspended in open court. TEX. R. APP. P. 26.2(a)(2). Appellant did not file a motion for new trial. Therefore, his notice of appeal was due to have been filed on or before November 3, 2008. However, Appellant did not file his notice of appeal until November 10, 2008 and did not file a motion for extension of time to file his notice of appeal as permitted by Texas Rule of Appellate Procedure 26.3. *See* TEX. R. APP. P. 26.3 (appellate court may extend time for filing notice of appeal if, within fifteen days after deadline for filing notice of appeal, appellant files notice of appeal in trial court and motion complying with Texas Rule of Appellate Procedure 10.5(b) in appellate court).

On November 19, 2008, this court notified Appellant that the information received in this appeal does not include a notice of appeal filed within the time allowed by rule 26.2, nor does it include a motion for an extension to file the notice of appeal pursuant to rule 26.3. Appellant was further informed that the appeal would be dismissed on or before December 1, 2008 if the information had not been amended to show the jurisdiction of this court. Appellant's counsel responded that the notice of appeal was, in fact, untimely filed and that he would be pursuing leave to file an out of time appeal from the court of criminal appeals.

Because this court has no authority to allow the late filing of a notice of appeal except as provided by rule 26.3, the appeal must be dismissed. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, Appellant's motions are overruled, and the appeal is ***dismissed for want of jurisdiction***.

Opinion delivered December 3, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

2